IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WESTERN DIVISION

FREDA YOKUM, PRO SE

**FILED**

SEP 2 5 2019

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

PLAINTIFF,

VS,

(1)  PARAMOUNT HEALTHCARE CORP.
d/b/a/ MYSTIC PARK REHABILITATION
& HEALTHCARE CENTER, LLC.
(2) HUSCH BLACKWELL, LLP.
(3) AFTON SANDS-PURYEAR
(4) LORINDA HOLLOWAY

**SA19CA1157 FB**

DEFENDANTS.

)Case No._____
)
)CIVIL ACTION
)
)
)
)JURY TRIAL DEMANDED
)
)
)

## PLAINTIFF, FREDA YOKUM'S, ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES FREDA YOKUM, (hereinafter called Plaintiff), and files this complaint alleging violations of her civil rights to equal protection under the constitutional provisions of the Fourteenth Amendment.

Plaintiff Yokum submits these allegations and complaints against all Defendants mentioned herein, under oath to this Honorable Court as follows:

## JURISDICTION & VENUE

The action arises under the Fourteenth Amendment to the United States Constitution and under Title VII of the Civil Rights Act of 1964, as amended, based upon race, color, age and retaliation. Title 42 U.S.C. § 1983 for violation of the Plaintiff's civil rights as guaranteed by the United States Constitution. Chapter 21 of the Texas Labor Code based upon race, color, and retaliation.

1. This Court has supplemental jurisdiction over State claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy. Violations of Plaintiff's rights have occurred in San Antonio, Bexar County, Texas. Thus, this venue is properly placed with this Texas Federal Court. Intra district Assignment. This lawsuit should be assigned to the Western District of Texas because a substantial amount of the events or omissions, which have given rise to this complaint, occurred within Bexar County.

2. It is Plaintiffs contention that because of i) obstruction of justice, (withholding factual information that was pertinent/relevant to the facts of the case), ii) conspiracy to intentionally, and with malice-deprive the plaintiff of equal protection of the laws, by intentionally withholding material evidence proving the plaintiff was wrongfully terminated, iii)perjury by the testifying employee of the defendant, only presenting hearsay evidence benefiting the Defendant, this testimony was given with no sworn affidavit, to the court or Plaintiff attorneys, prior to testimony or during court procedures. Defendants resisted Plaintiff request for discovery.

3. The Plaintiff's race of African American decent, age over 40 years, is within the definition of a protected person under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, as amended, and 5 U.S.C. §§ 701-706 and § 7211, which also subjected the plaintiff to a pattern and practice of racial discrimination, retaliation of conduct, in denial of rights, privileges, and immunities guaranteed by the Constitution of the United States and the laws of the State of Texas.

4. This Court should not hold this litigant to the same high standards of perfection and technicality as attorneys.  If faced with a motion to dismiss, this Court should allow Plaintiffs pleadings especially lenient treatment, so that before the Court dismisses the complaint of pro se litigants, they should be given the opportunity to offer evidence or further particularize their claims. The Federal Courts have related that pro se Civil Rights pleadings are to be liberally construed. Haines v. Kerner, 404 U.S.517, 92 S.Ct.594, 30L.Ed.2d 652(1972) and Pete v. Metcalf, 8F. 3d, 214, 217 (5th Cir. 1993).

5. Plaintiff is informed, that at all times herein mentioned, each of the Defendants were employees, or other representatives of the Paramount Healthcare Corp/Mystic Park Rehabilitation & Healthcare Center, LLC and the Law Firm of Husch-Blackwell, LLP in the State of Texas, and in committing the acts hereinafter alleged, acting within their official individual capacities. Plaintiff claims Federal jurisdiction under Article III § 2, which extends the jurisdiction of cases arising under the U.S. Constitution. This is an action to obtain injunctive & monetary relief for damages suffered by the Plaintiff and is against the

Defendants, individually, jointly, and severely for the
Conspiracy to Violate Civil Rights under Title 42 USCA §§ 1981,
1983, R.I.C.O. Act, and the violation of Plaintiff's Civil
Rights under "color of law" of the State of Texas, within the
Western District of Texas.

6. Plaintiff hereby request the United States Attorney for the
Western District to investigate allegations contained in this
Civil Action for violations of Federal laws. These violations
are incidents resulting in damages to the Plaintiff and are
claims upon which the Court may issue orders for redress and
protection.

7. Plaintiff request that the Court consult with the U.S.
Attorney for the Western District to determine if a Probable
Cause Hearing should be scheduled and that the United States
enter into this action based on the elements of "Common-law
Fraud" and the "False Statements Accountability Act of 1996", 18
U.S. Code § 1001-1040; 'Conspiracy", 18 U.S. Code §§ 371-373;
"Perjury", 18 U.S. Code §§ 1621-1623, and "Obstruction of
Justice",18 U.S. Code §§ 1501-1521 through summoning the Grand
Jury to investigate intentional acts committed by the
Defendants, which are discriminatory to African-Americans
employed within the City of San Antonio, Texas.

8. The Constitutional Rights of the Plaintiff represent
alleged crimes against the "Public" and other persons protected
under the Civil Rights Act, Title VII, 1964, as amended. The
Court through the United States Attorney General has the
authority to order an investigation to be conducted, where there
are allegations of violations of Federal Criminal Laws. If the

4

violations are substantiated, then the Court has a mandate to compel the United States Attorney General to intervene in this action as a plaintiff on behalf of the citizens of the United States.

9. This U.S. District Court and "all Courts" have a mandate to "report evidence of criminal activity" discovered during submission of a complaint or in the course of civil litigation to the appropriate enforcement agency. The U.S. Attorney General Office in the Western District has been previously informed of conditions, circumstances, incidents, investigations, violations and activities complained herein.

10.     The plaintiff has a "constitutional duty" to report criminal activities against the United States for proper investigation.  The United States Attorney General owes the Plaintiff the right as a U.S. Citizen, a Grand jury review against alleged perpetrators of crimes against the Plaintiff and the United States and to receive restitution in forms of monetary and criminal actions by right of intervention in accordance with the Federal Rules of Civil Procedure-24(a).

## CONDITIONS PRECEDENT

11.     All conditions precedent to jurisdiction have occurred or been complied with in Bexar County, Texas. A charge of discrimination was filed with the Equal Employment Opportunity Commission within 300 (three hundred) days of the acts complained of herein. Plaintiff's complaint was also filed with Texas Workforce Commission. Plaintiff filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity

Commission's issuance of a right to sue letter which was filed in Bexar County District Court.

12.    On October 2, 2015, Woodrow Epperson, plaintiff Attorney of record filed, a civil suit in the 73rd District Court, Bexar County, Texas. Cause No. 2015-CI-16732. This representation was in a discrimination, retaliation, and wrongful termination claim against the Defendant. An amended complaint was filed on or about October 2016 for the same Cause No. indicated above. Defendant's responded seven months later, on an approximate date of May 2015, with a general denial. An amended response by Defendants included the invocation of their constitutional rights of the 5th amendment.

14. Plaintiff requested through her counsel, a trial by jury. After a failed mediation, counsel arranged a bench trial without the consent of the Plaintiff.

15. During civil proceedings and prior to Defendants request for discovery, Plaintiff sought through counsel Epperson & defense, to obtain a Docket Control Order as required under the provisions of TRCP. Plaintiff attorney refused/failed to confer with opposing counsel, to file a Docket Control order on behalf of the plaintiff, client of the attorney.

16. Plaintiff also paid counsel Epperson for a status conference that he failed to file.  The actions exhibited herein were a violation of the plaintiff's right to due process. Plaintiff sought court intervention amidst concerns of both attorney's unethical conduct. Plaintiff's efforts to resolve the complaints and allegations against Mystic Park included, utilizing the facilities chain-of command, consistent with PHCC-

Mystic Parks' policies & procedures. during their internal
investigation. Plaintiff was denied inclusion and was excluded
in the termination/disciplinary process. Plaintiff was fired
over the phone on 8/24/2014.

17. Plaintiff continued to cooperate with external
investigations, media interview and complaints filed or reported
to various State agency investigators, which is not limited to
the following: Texas Board of Nursing, Texas State Bar,
Commission of Judicial Conduct, Dept. of Aging & Disability
Services, Human Health Resources, Bexar County Sheriff's Office,
KSAT 12 News, KENS 5 News, Dallas.Morning News, NAACP, Drug
Enforcement Agency, WOAI News 4, Former State Senator, Carlos
Uresti, Current State Senator Peter Flores & staff, Federal
Bureau of Investigations, Ombudsman for Mystic Park, Consumer
Rights & Services, Office of Attorney General and social media
(Twitter, Facebook).

# **Parties & Service**

**PLAINTIFF:**

Plaintiff, FREDA YOKUM, is a 58-year old, African American
female, sues in her proper person individually, being a resident
of the State of Texas, residing at 307 Bright Chase, San
Antonio, Texas 78253. Plaintiff is a Registered Nurse for the
State of Texas, with Whistleblower protections, related to this
pleading and previous case in Bexar County District Court.

**DEFENDANTS:**

**Defendant** Paramount Healthcare Corp. d/b/a/PHCC-Mystic Park
Rehabilitation & Healthcare Centers, LLC is a nursing
corporation with PHCC-Mystic Park Rehabilitation & Healthcare

Center, being located at 8503 Mystic Park Drive, San Antonio, Texas 78254, at all times material to this case, and may be served with citation by serving its registered agent. Defendant is individually and jointly sued with their officer(s), principal(s), partner(s), or member(s) and all other Defendants by virtue of their purposeful conduct within the district, under their Professional Liability Insurance Carrier, Markel American Insurance Company.

**Defendant** Husch-Blackwell, LLP is a law firm which is located at 111 Congress Avenue, Suite 1400, Austin, Texas 78701, Travis County. Defendant is at all times, material to this case. Defendant provided legal services to the defendant Paramount Healthcare Corp. d/b/a PHCC-Mystic Park Rehabilitation & Healthcare Center. The specific influence or acts of its staff, officer(s), principal(s), partner(s), or member(s) was the director proximate cause of the Plaintiff's injuries and cause for relief.

**Defendant** Attorney Afton Sands-Puryear, was/is at all times, material to this complaint, a lawyer who is licensed by the State Bar of Texas, practicing her profession in the area of Travis County, Texas. Defendant Sands-Puryear provided legal services to Defendant Paramount Healthcare Corp. d/b/a/PHCC-Mystic Park Rehabilitation & Healthcare Center, LLC. Defendant is/was affiliated/partner with Husch-Blackwell, LLP, wherefore it is alleged that "under color of law", she personally conspired, participated in, and interfered with Plaintiffs' contractual agreements. Ms. Sands-Puryear, directed alleged civil and criminal violations of Plaintiffs rights and that her

specific conduct was a co-conspirator having direct or proximate cause of Plaintiffs' injuries and causes for relief, by violating Plaintiffs' constitutional rights. Plaintiff will further show violation of a court order to compel production of a white binder, later described in this pleading.  She is a resident of Austin, Texas, Travis County, and is subject to the jurisdiction of this Court, by her purposeful & unethical conduct within the district, and she is sued individually under her Professional Liability Insurance Carrier.

**Defendant** Attorney Lorinda Holloway was/is, at all times material to this case. A lawyer who is licensed by the State Bar of Texas, practicing her profession in the area of Travis County & Bexar County, Texas. Defendant Holloway provided legal services to the Defendant Paramount Healthcare d/b/a/PHCC-Mystic Park Rehabilitation. She is affiliated/partner with Husch-Blackwell, LLP, where it is alleged that "under color of law", she personally conspired, participated in, interfered with Plaintiff's contractual agreements, directed and carried out alleged civil and criminal violations rights and that her specific conduct was a co-conspirator with direct or proximate cause of the Plaintiffs' injuries and causes for relief. She is a resident of Austin, Texas and is subject to the jurisdiction of this Court, by her purposeful conduct within the district, and she is sued individually under her Professional Liability Carrier. Plaintiff alleges and re-alleges that Defendant Holloway, knew or should have known that her actions obstructed Plaintiffs' right to due process & judicial norms. And, that this action was in direct violation of the law.

## **FACTUAL BACKGROUND**

18. Plaintiff is a Registered Nurse, who was employed by Defendant Paramount Healthcare Corp. d/b/a PHCC-Mystic Park Rehabilitation & Healthcare Center, LLC. (herein Mystic Park) as a part time RN Weekend Supervisor.

19. Plaintiff was hired on or about April 15, 2014.

20. Plaintiff had no prior disciplinary action against her RN license was a good, competent and dependable employee. She performed her duties capably, effectively and in compliance with Nurse Practice Act, State & Federal laws as a law-abiding citizen.

21. Plaintiff intends to show that under the elements of a prima facie case of discrimination under Title VII, i) Plaintiff is in a protected class, ii) Plaintiff was qualified for the position, iii) Plaintiff suffered an adverse action, iv) plaintiff was treated differently than white nurses that were similarly situated, in that we reported to the same supervisor.

22. **August 23, 2014:** Defendant Mystic Park, willfully and deliberately forced Plaintiff to abandon her duties & residents when she was instructed via a phone call, by her immediate supervisor, Joanne E. Smith, RN/ Director of nursing, to go home and not return to work the next day. The reason alleged to be something "said to or about" a resident that fell and who was assessed & assisted by Plaintiff. Plaintiff supervisor informed her that the alleged incident would be reported to State. Plaintiff responded that she would be reporting the facility to the State as well.

23. Defendant Mystic Parks' facility administrator, Karen

Bordano, was arriving to the facility on the alleged complaint.
Plaintiff asked Karen Bordano if she could return to the
facility and wait for her arrival. Plaintiff was instructed to
go home and would be contacted later. Ms. Bordano called,
insinuating that Plaintiff was seen on video abusing a resident.
Defendant failed to produce a video. Plaintiff denied any
wrongdoings, and immediately stated the Rachel Strickland, LVN
was lying. Rachel Strickland neglected to render aid to E.M.

24. **August 24, 2014**: Mystic Park facility administrator, Karen
Bordano, who was not the Plaintiffs' immediate supervisor,
terminated Plaintiff over the phone without giving the plaintiff
an opportunity to be heard, to face her accusers or to know what
statements or evidence was unearthed in the facility internal
investigation. The allegations were criminal in nature.

25. Defendant Mystic Park failed to follow its own policies &
procedures, as outlined in the employee handbook. Defendants
failed to act in good faith towards the Plaintiff.

**August 25, 2014**: A conspiracy to further violate Plaintiffs
basic and constitutional rights involved, facility
administrator, Karen Bordano, Joanne E. Smith, RN/ Director of
Nursing Supervisor, Jerald Sisneroz, Human Resource Director,
Judy Hinojosa, housekeeper, Rachel S. Strickland, LVN, Bethany
Sisneroz, who lied under oath to issues of material fact during
her testimony for the jury trial. Jamaica Smith signed a sworn
affidavit inconsistent with timekeeping records in dispute.

26. This action was carried out to wrongfully terminate
Plaintiff by formulating a disciplinary process in which
Plaintiff was not present or contacted to participate in.

27. Defendant failed to conduct a fair and thorough investigation in seeking the truth of the accusations.

28. Defendants purported witness, housekeeper Judy Hinojosa allegedly provided a written statement pertaining to the accusations of "verbal abuse". This statement was key and material to Mystic Parks' claim of substantiated verbal abuse against the Plaintiff, which was the defendants "articulated" reason for terminating the Plaintiff. Plaintiff denied the act. Defendants failed to summon, produce or subpoena Judy Hinojosa for questioning by State & Federal investigators, or SAPD, who was contacted on August 23, 2014.

29. Judy Hinojosa did not appear on the original trial date of February 5, 2018 or the resetting date of April 2-6, 2018. Judy Hinojosa was not scheduled to work on 8/23/14, was not seen by Plaintiff or other staff working that day. Defendants produced conflicting timekeeping records for both Plaintiff and the housekeeper. Further, Plaintiff provided contact information to attorney Kenneth C. Bell, who agreed to subpoena Karen Bordano & Judy Hinojosa. This agreement was on 2/5/18, in the presence of Plaintiff witnesses, who arrived for trial that day.

30. Plaintiff denies ever being interviewed by SAPD, who was called to the facility. Karen Bordano, administrator provided the officer with Plaintiffs' personal information, naming Plaintiff as a suspect of physical abuse. The wrongs done by the Defendant Mystic Park, was the kind typified by willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages.

31. Defendants conduct was intentional or with conscious

indifference to the rights of the Plaintiff and without justification or excuse. Defendants knew or should have known, that their actions violated Plaintiff's basic & constitutional rights.

32. Plaintiff alleges the actions towards plaintiff by Mystic Park were pretextual and were taken to deliberately deprive plaintiff of her constitutional rights.

33. Defendant Mystic Park defamed Plaintiff by uttering false statements concerning her professional capabilities, during trial Defendant, Afton Sands-Puryear repeated those statements to the jury, on behalf of her client. No corroborating evidence or witnesses, with direct knowledge, were present. Defendants lacked credibility and undermined the integrity of the court.

34. Plaintiff was terminated prior to a State investigation in which the Defendant claimed the investigator "substantiated" the allegations. This assertion was contradicted by the evidence produced by defendants.

35. Defendant produced an email exchange between Karen Bordano, administrator and Sourykanh Phanhtarath, Investigator VI with Dept. of Aging & Disability Services (DADS) to obtain the results of investigation case number 693054.

36. Karen Bordano requested/asked that the investigator substantiate the allegations against the Plaintiff. Her request was forwarded to the investigator's supervisor per the email.

37. Defendants actions amounted to interference, and were with malice and intentional, to cause harm to Plaintiffs career and reputation.

38. Defendant administrator, Karen Bordano, provided a

perjured affidavit to the Texas Board of Nursing which declared
truthfulness to records being submitted.  The records were of
inconsistent statements, falsified or manufactured timekeeping
records of Plaintiff & Judy Hinojosa. Omitted statements from
employees/witnesses with direct knowledge of alleged events
occurring on August 23, 2014.

39. Defendants facility medical records reflected Plaintiffs
initials relating to performing a procedure Plaintiff had not
provided. Plaintiff denies performing the wound care treatment.

40. Defendant Mystic Park violated judicial rules of conduct,
ethics, procedural norms of the court and other violations of
State & Federal laws. Plaintiff is entitled to recover exemplary
damages in an amount within the jurisdictional limits of the
court.

41. Defendant tortuously interfered with Plaintiffs'
contractual and business relationships and opportunities.

42. Defendants interfered with investigations and witnesses
that were cooperating with such.  Staff employees, family
members of deceased residents were intimidated/threatened,
harassed & bullied for any perceived contact with Plaintiff.

43. Defendant Mystic Park, disregarded complaints of
Plaintiff, other nurses, and residents in related concerns about
Rachel Strickland, LVN, (a white female) who was under board of
nursing stipulations upon her hiring with Plaintiff in April
2014.

44. Rachel was suspected of drug diversion, neglect and abuse
of residents under her care, some of which suffered significant
injuries/falls, that resulted in emergency care or surgery. As

multiple resident's death occurred, Rachel continued to work under investigations and while med diversion/discrepancies continued.

45. Plaintiff has repeatedly identified Rachel Strickland, LVN as the instigator of frivolous reports/statements resulting in Plaintiffs' and 2 other black females' termination.

46. Defendant Mystic Park eventually terminated Rachel Strickland, LVN on grounds of "inconclusive" drug diversion.

47. Defendant Mystic Park, did not provide SAPD Rachel's' name as a suspect, as was in SAPD report against Plaintiff. Joanne Smith, RN/Director of Nursing, participated in the Plaintiffs' termination process, but not that of Rachel Strickland. Joanne also falsified a resident complaint form, implying Plaintiff reported resident L.H. complaint, when it was Rachel Strickland, LVN, who was the Charge Nurse for residents on 200 Hall, on 8/23/14. Plaintiff was not given the opportunity to disclose incidents, complaints or other reports as RN Supervisor that day or at any other time requested.

48. Defendant staff gave credence to statements & allegations against Plaintiff, specifically from Rachel Strickland, LVN, (a white female) in light previous complaints regarding her behavior, conduct and appearance.

49. After the termination of Rachel Strickland, LVN December 2014, Paramount Healthcare abruptly sold/transferred.

50. Defendant Mystic Park, provided the Equal Employment Opportunity Commission, (EEOC) Federal investigator Roy Roscoe altered and falsified records, specifically the timekeeping records of Plaintiff & Judy Hinojosa, a purported key witness.

1   Inconsistent statements were included that conflicted with
2   actual events, incidents, and complaints reported that day.
3   These acts impeded the Federal agency's investigation.

4       51. Defendant refused to allow Plaintiff to come in, and
5   document crucial reports regarding resident concerns, complaints
6   therefore putting residents at risk of negligent care. This
7   action violated Plaintiffs duties under the Nurse Practice Act.

8                       **STATEMENT OF CLAIMS**

9       52. Title 42 U.S.C.A.§ 1981 provides in pertinent part:
10  All persons are within the jurisdiction of the United States and
11  shall have the same right in every State & Territory to make and
12  enforce contracts, to sue parties, give evidence, and to the
13  full and equal benefit of the laws and proceedings for the
14  security of persons and property. And, shall be subject to light
15  punishment, tamed, penalties, Texas licenses, annexed actions of
16  every kind, and to no other.

17      53. Title 42 U.S.C.A. § 1983 provides in pertinent part:
18  Every person, who under color of any statute, ordinance,
19  regulation, custom, or usage, of any State or Territory or the
20  District of Columbia, subjects, or causes to be subjected, any
21  citizen of the United States or other person within the
22  jurisdiction thereof to the deprivation of any rights,
23  privileges, or immunities secured by the Constitution and laws,
24  shall be liable to the party injured in an action at law, suit
25  in equity, or other proper proceedings redress. Two primary
26  issues in a Sec.1983 action are (1) whether the defendants
27  violated the Plaintiffs' constitutional rights, and (2) whether

28

1  such violations were under the color of State law. See Brown v. Miller,

2  631 F. 2d 408, 410 (5th Cir. 1980).

3      54. Plaintiff intends to prove undeniable/undisputable facts,

4  with evidence from Defendants Sands-Puryear & Lorinda Holloway

5  for their client. PHCC-Mystic Park impeded, hindered,

6  obstructed, and otherwise defeated the due course of justice in

7  Texas under 42 U.S.C.A.§1983 by preventing the Plaintiff as a

8  protected person under Civil Rights Act, Title VII, 1964, as

9  amended, Title 42 U.S.C. Section 2000e et.seq. and 42 U.S.C.

10  Section 1981 as amended by the Civil Rights Act of 1991 from

11  exercising her Constitutional rights to Access to the courts,

12  according to Due Process, with Equal Protection under the law,

13  42 U.S.C. §§ 1983, 1985(3), 1986, and 1988, Gross Negligence,

14  Tex. Civ. Prac. & Rem. Code § 41.001 (11)(A) -(B) and

15  Deprivation of Due Process Law, 42 U.S.C. §§ 1983, 1985, 1986,

16  AND 1988.

17      55. Defendants further conspired to this end under 42 U.S.C.

18  § 1985(2)by intimidating, threatening, and harming Plaintiff and

19  those that made efforts on Plaintiffs' behalf, by engaging in

20  the intentional infliction of emotional distress, fraudulent

21  misrepresentation of the facts to the court, breach of fiduciary

22  duty, interference with fiduciary duty, excessive attorney fees

23  paid by the Plaintiff, under belief that she'd receive a fair

24  and equal protection under the law to a trial by jury, and not

25  under extortion of money that was not dutifully owed. More

26  specifically, Plaintiff was threatened with motion for summary

27  Judgment against her by attorney Woodrow Epperson. Later Mr.

28  Bell would threaten Plaintiff with attorney fees for defense.

I.    **CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS & HUMAN RIGHTS**

    **(Against All Defendants 42 U.S.C. 1983, 18 U.S.C. 241, 242)**

    56. The actions and conduct of the Defendants "under color of State & Federal law" described in this complaint constitutes violations of Plaintiffs constitutional guarantees by abriding their privileges and rights under the provisions of Article V, and 4th, 5th, 8th, and 14th Amendments to the United States Constitution. Defendants 'under color of law deprived the Plaintiffs' Due Process of Law", denied Plaintiff of " Equal Protection of the Law" deprived the Plaintiffs "Due Process of Law", the right to her personal property and right to an impartial and "effective" counsel, the substantive and procedural right to "Equal Access to the Court" and its processes under State & Federal Laws.

    57. These denials of Plaintiffs' civil rights are actionable under 42 U.S.C. 1983 for damages. Plaintiffs' claim also shows Defendants violated Federal Criminal Law, 18 U.S.C. §§ 241, 242. It is clear, as alleged in this complaint, the individual Defendants so named, are acting in a conspiracy with each other to deny Plaintiff her civil rights, including but not limited to "Due process of Law", undermining the integrity of the courts and State agencies who are responsible for investigating, inspecting and enforcing State & Federal Regulations, ensuring all persons placed in residential medical treatment and transitional facilities (nursing homes) are afforded adequate and medically necessary care, without risk of "physical abuse and medical negligence" by its staff.

    58. Defendants further conspired with each other to

deprive/deceive the public of information by concealing violations being committed by Defendants, against State & Federal Laws, which caused harm or placed others in dangerous positions for the purpose of avoiding loss of profits received from Federal government programs such as, Medicare & Medicaid and other private insurance carriers, as the Defendants profits depend on the public, State & Federal Government payments issued for medical treatment being received, following claims filed by the Defendants to an individual's insurance carrier.

59. Defendants Sands-Puryear & Holloway acted in conspiracy with the other Defendants, judges, & lawyers, to deny the Plaintiff her civil rights, including but not limited to, "Due Process of Law" and enterprises whose profits depended on the Plaintiffs' claims of violations of Title VII of the Civil Rights Act of 1964, being unsubstantiated and finding in the "alleged" favor of the Defendants (their client), either by civil suit or arbitration & settlement.

60. Defendants Sands-Puryear & Holloway appropriation of illegal income, which was obtained through succeeding in a partial summary judgment against the Plaintiff, by exercising an erroneous system practices, guidelines, and procedures, intended to violate State & Federal laws of the United States, Texas, and the County of Bexar. All the Defendants named in this claim have participated in the affairs of this enterprise, which is described as a "fraud upon the court".

61. Plaintiff alleges that Defendants Sands-Puryear, Lorinda Holloway & Husch-Blackwell, LLP and staff, for all clients, violated her "civil and human rights under the Fourteenth

1 Amendment of the U.S. Constitution and 42 U.S.C.§§ 1981-1985; 18

2 U.S.C.§§ 241; 28 U.S.C.§§ 1443, AND Title VII of the Civil

3 Rights Act of 1964. Plaintiff contends that her "civil and human

4 rights" under the Fourteenth Amendment on the factual basis on

5 unsubstantiated accusations, against which she was never given

6 the opportunity to defend herself against the false accusations

7 that led to her termination.

8    62. By summarily firing her, Plaintiff contends, Defendants

9 Joanne Smith, Karen Bordano, Jamaica Smith, Bethany Sisneroz,

10 Jerald Sisneroz, (PHCC-Mystic Park staff) deprived her of her

11 economic livelihood without an opportunity to be heard, in

12 violation of the Due Process Clause of the Fourteenth Amendment.

13    63. Plaintiff alleges a criminal conspiracy obstructed

14 Plaintiff's rights guaranteed by the Constitution of State of

15 Texas and the Constitution of the United States of America, her

16 rights to a fair trial, to call witnesses and due process of

17 law.

18    64. Plaintiff recently learned, as of July 24, 2019, that an

19 insurance claim is open bearing plaintiff's name and in which a

20 claim number was provided from Markel American Insurance Co.

21 This information is relevant and key to a material

22 misrepresentation, in that Plaintiff was made to believe the

23 jury decision, in a vote of 10:2, was in favor of the defendants

24 in Case Number, 2015-CI-16732. Plaintiff was not aware of this

25 claim and suspect forgery, based on information disclosed by the

26 insurance carrier.

27    65. Additional statements involving witnessed conversations

28

with attorney Kenneth Bell were noted in Plaintiffs motion to withdraw. Mr. Bell did not address the allegations, but drafted his own motion to withdraw. His motion was granted with "good cause". Defendant Lorinda Holloway intercepted Plaintiffs' motion to terminate attorney Bell, by filing a motion for Final Judgment, approximately 3-4 months after trial.  Defendant Afton Sands-Puryear did not appear for the signing, after an email indicated she was no longer with the law firm of Husch-Blackwell, LLP. Defendant Holloway also did not appear on 8/13/18 for the signing of the Final Judgment, which was disputed.

66. Plaintiff alleges and states upon documentation, information, and belief that attorney Kenneth C. Bell, entered a conspiracy with defendants and Judge Norma Gonzales of the 131st District Court of Bexar County, Texas. The case was transferred from the original presiding court of the 73rd District to that of Judge Gonzales, 131st District Court on April 10, 2018. This transfer was filed after attorney Kenneth C. Bell received over $22,000.00 in legal fees and after the jury trial. And, at which time a motion for a new trial was sought based on that information.

67. As sworn officers of the court, this is an act of sedition against the Constitution, and the United States of America, as a "fraud upon the Court' was perpetrated against the government. See Bulloch vs United States, 763 F. 2d 1115, 1121 (10th Cir. 1985)

68. On **August 23, 2014,** Plaintiff was contacted via phone, while at work by Defendant Joanne E. Smith, RN who instructed

1  plaintiff to go home and not report to work the next day,

2  specifically and allegedly because of "what was said to or about

3  a new resident". Plaintiff was not provided with any additional

4  information regarding the alleged situation and Plaintiff was

5  never advised that she was facing termination.

6      69. Plaintiff called Defendant Bordano, inquiring as to what

7  was going on and asked to go back to the facility and wait for

8  Defendant Bordano to arrive.  Plaintiff was instructed to go

9  home and would be contacted later. Defendant Bordano would later

10 call Plaintiff, asking what Plaintiff would say if she had been

11 seen on video abusing the resident.  Plaintiff denied any

12 wrongful act against resident E.M., who Plaintiff assisted after

13 she was informed by the residents' nurse, Rachel Strickland, LVN

14 that the her assigned resident was on the floor.

15     70. Plaintiff learned that the administrator had contacted

16 the SAPD regarding a different accusation of physical abuse

17 (kicking) resident E.M. while she was on the floor. Another

18 physical abuse allegation surfaced stating Plaintiff "spit" on

19 the resident. SAPD was provided Plaintiffs personal information,

20 RN license number, and named as a suspect in the alleged

21 physical & verbal abuse. SAPD did not contact Plaintiff at any

22 time.

23     71. **August 24, 2014** Plaintiff was contacted at home by

24 Defendant Bordano via phone, informing Plaintiff that she was

25 cleared, but terminated. Plaintiff asked, "on what grounds", the

26 response was verbal (unclear as to abuse, assault).  Plaintiff

27 readily responded that Rachel was lying. Defendant Bordano

28

alleged that it was not Rachel but another witness, whom she refused to identify.

72. **August 25, 2014,** Plaintiff contacted Mystic Park corporate office, asking to speak and meet with Plaintiff supervisor, this oral request was followed up via email. A spoliation notice was included to secure Plaintiffs' white binder, which Plaintiff utilized as a communication tool of her duties, incidents, complaints and other information relevant to Plaintiffs' wrongful termination. On this date, Plaintiff alleges that facility defendants conspired to violate the corporations' policies and procedures.

73. Mystic Parks' facility employees conducted a disciplinary Process for termination, during which time Plaintiff was not present or been asked to attend, and prior to the external investigation by the State Dept. of Aging & Disability Services.

74. **September 7-9, 2014,** Plaintiff was contacted during D.A.D.S. on-site investigation by Sourykanh Phanhtarath, RN/investigator. Plaintiff fully cooperated with questions posed to her, regarding the alleged incident against her on August 23, 2014. This investigator also questioned Plaintiff about the complaint in which she filed with D.A.D.S. against Mystic Park.

75. **September 2014,** Plaintiff received a certified letter from the board of nursing which notified Plaintiff of an open investigation against her.  Plaintiff would later speak with Janice Brister, Division director at D.A.D.S., inquiring as to any substantiated allegations and reports of it to the board of nursing. It was Plaintiffs' understanding that D.A.D.S. had not substantiated any findings against the Plaintiff.

76. Ms. Brister informed Plaintiff that no report was made to the board of nursing, and she would follow up on other concerns.

77. **September 29, 2014,** Plaintiff entered into a legal contract with Taralynn Mackay of MacDonald, Mackay, & Weitz for representation with the board of nursing. Due to her limited license, it was suggested Plaintiff seek an employment attorney.

78. **October 9, 2014**, Mystic Park administrator Karen Bordano, made efforts to interfere with D.A.D.S. investigation findings, which was referred to as case number 693054. Via several email exchanges, defendant Bordano asked the investigator to substantiate the facility complaint against the Plaintiff.

79. This interference was made after Defendant Bordano had already filed a complaint against the Plaintiff with the Board of Nursing.

80. On or about, **October 13-18, 2014**, Plaintiff was informed of several residents' deaths, continued medication diversion at Mystic Park. A growing list of about 15 deaths were reported to State, and KSAT 12 News, with resident names, room numbers and approximate dates of deaths.

81. Plaintiff acted upon this information out of concern that Rachel Strickland, LVN was still working at the facility, while under suspicion and investigation. This was directly related to events occurring on August 23, 2014 & prior, in which Rachel Strickland was neglecting her duties. Plaintiff asked D.A.D.S. and the board of nursing to look further into her previous complaint. Plaintiff asked that the investigation be re-opened for investigation, against Mystic Park, Rachel Strickland, LVN and the RN director Joanne Smith.

82. Plaintiff further alleges that all named defendants and attorneys, in this pleading continued to interfere with Plaintiff's contractual agreements with three (separate) attorneys, the investigation processes of the board of nursing, D.A.D.S., and the judicial processes of Bexar County District Court. These were violations of Plaintiff constitutional rights.

83. **November 21, 2014**, Plaintiff entered into a contractual agreement for board representation with attorney Oscar San Miguel, of Austin, Texas. Mr. San Miguel was paid $3,500.00 which included an informal hearing with the board of nursing.

84. Plaintiff never appeared before the board with counsel and received questionable documents related to formal charges and later the closure of the investigation without prejudice.

85. **February 17, 2015**, Plaintiff personally responded to the board without counsel. This response was hand-delivered.

86. **April 9, 2015,** Plaintiff received a phone call from Mr. San Miguel, informing Plaintiff that the investigation was closed without prejudice. This report was immediately after Plaintiffs' written request for the investigator, Veronica Franco, to request a copy of Judy Hinojosa timekeeping record for August 23, 2014. Plaintiff anticipated a written response from the board regarding the alleged closure of the investigation.

87. After not receiving notice from the board, Plaintiff contacted Mr. San Miguel for a copy of the dismissal. Mr. San Miguel emailed a document that appeared altered (cut & paste). When Plaintiff asked for the original, attorney San Miguel

emailed a response that he had destroyed the original. Plaintiff inserts a claim of spoliation of evidence.

88. **April 21, 2015**, Plaintiff sent an email regarding concerns about the process of the investigation. This was sent to Jena Abel, assistant board prosecutor. Upon arrival Plaintiff asked to speak with investigator Veronica Franco.

89. Plaintiff was approached by a white male, identifying himself as Dusty Johnston, board prosecutor. Plaintiff stated she did not ask to meet with him, as Plaintiff stated she asked for Veronica Franco. This male produced a prepared document reflecting similar content to the letter emailed by Mr. San Miguel. However, it was not the exact copy, wasn't certified, had no file/case number, and was not signed by the same person as presented by attorney San Miguel.

90. The male informed Plaintiff she would get another one in the mail. This interference denied Plaintiff the opportunity to validate the original letter & signature bearing the name of Veronica Franco.  Plaintiff never had any type of hearing prior to its alleged closure/dismissal. Plaintiff's alleges interference and obstruction of her right to due process. Plaintiff sought to recover fees & damages against Mr. San Miguel in Travis County small claims court. Mr. San Miguel appeared with a criminal defense attorney. A biased Judge Jade Meeker presided in the jury trial.

91. On or about **October 5, 2015** a civil pleading was filed in Bexar County District Court, by Attorney Woodrow Epperson.

92. Plaintiff entered into a contractual agreement for representation on a Notice of Right to Sue received from EEOC. A

response was received approximately seven months later in May 2016, from Husch-Blackwell, LLP attorneys, Afton Sands-Puryear & Lorinda Holloway.

93.  Plaintiff rights to due process was violated when attorneys from both sides were asked to formulate or obtain a docket control/scheduling order prior to defense requests for discovery.

94.  Plaintiff alleges Afton Sands-Puryear interfered with the client-attorney relationship, between Plaintiff and counsel. This interference persisted with defense efforts to deny Plaintiff right to a jury trial. This action involved a scheduled bench trial that Plaintiff had not agreed to.

95. Because Plaintiff voiced concerns prior to the setting of the bench trial, a payment and request was made to attorney Epperson to arrange a status conference with the court.

96.  Plaintiff made attorney Epperson aware of her concerns, that defense counsel was stalling and resisting Plaintiffs right to discovery. Eventually, Plaintiff confronted attorney Epperson of his apparent efforts to assist defense counsel in securing a Motion for Summary Judgment. Mr. Epperson refused to obtain discovery as requested by Plaintiff.

97. On or about May 15, 2017, Plaintiff received a Motion to Withdraw by Mr. Epperson.  Plaintiff filed an opposed motion on May 17, 2017. A hearing was set for May 30, 2017.

98. Plaintiff received an email indicating the hearing was set for 9:00a. Plaintiff contacted the court to confirm the time, which conflicted with Mr. Eppersons' quoted time.

99.   Mr. Epperson arrived for the hearing at 8:30a, and would later accompany defense counsel, seemingly as partners in attendance to the hearing.  Plaintiff voiced all concerns to Judge Angelina Jimenez, presiding judge, about the behavior and derelict of Mr. Epperson's duty as counsel.  Judge Jimenez granted Mr. Epperson's motion to withdraw even though no "good cause" existed. Plaintiff was abandoned by counsel after he had collected over $17,000.

100.   Defense counsel, Afton Sands- Puryear was granted her Motion for Continuance, which was set for February 5, 2018. Plaintiff alleges this motion was sought for delay and to obstruct Plaintiffs' right to due process. Plaintiff complied with defense request for discovery nine months prior.

101.   Defense continued to interfere with Plaintiffs' right to due process by delaying request for a docket control or scheduling order. Defense counsel drafted a schedule at your leisure, approximate to one year later.

102.   **December 17, 2017**, Plaintiff entered into a contractual agreement with attorney Kenneth Bell, with a $1,500.00 retainer.

103.   **February 5, 2018**, Plaintiff alleges defense counsel, Afton Sands-Puryear & Lorinda Holloway, interfered with the client-attorney relationship on this original trial date.

104. All three attorneys interfered with Plaintiffs' right to be present before Judge Antonia Arteaga court, in the re-setting of jury trial.  Defense appeared with no evidence or witnesses that day. Plaintiff was encouraged to take a breakfast break with one of Plaintiffs' witness, Penny Hinders, LVN, while arrangements were being made to re-set the trial. Plaintiff &

her witnesses received an explanation, that there were not
enough judges available to hear the case that day. All 3
attorneys conspired to delay and deny Plaintiff's right of due
process. This delay would amount to a total of twenty months in
getting to trial.

105.   Plaintiff alleges interferences between all 3 attorneys
of record, along with presiding Judge Norma Gonzales of the 131st
District court. Several District Court judges ruled against
Defendants repeated efforts to dismiss the retaliation claim
granted to the Plaintiff on defense Motion for Summary Judgment.
Attorney Afton Sands-Puryear engaged in an obvious "judge
shopping spree" as to over-turn Judge John Gabriel's decision on
a trial of the merits. This scheme/conspiracy was accomplished
in the 131st District Court with presiding Judge Norma Gonzales,
who knew, or should have known, that aiding and betting the
activity, constituted bias, prejudice, misconduct, and willful
abuse of judicial discretion, clearly violating the Plaintiff
rights to due process.

106.   **April 2-6, 2018**, Plaintiff arrived to court prepared for
trial, and was shocked to learn that attorney Kenneth Bell, had
not subpoena any of defense purported witnesses, as agreed to on
2/5/18. A testifying witness for Plaintiff, Dondalyn Miles, an
African American female and former Office Manager at Mystic Park
was not interviewed prior to trial.

107. Attorney Bell received phone calls from this witness, who
was also a victim of similar claims of discrimination, agreed to
testify to her experience and in which EEOC & TWC found cause
existed in providing her with a Notice-of-Right to Sue.

108. This 'fraud upon the Court' also served to deny the Plaintiff an opportunity to address or rebut defense testimony and other issues occurring within the Court process. Witnesses for Plaintiff, who were present for the original trial on 2/5/18, were not present on April 2-6,2018.

109.   Plaintiff now believes that the named Defendants, Plaintiff attorneys of record, along with Judge Norma Gonzales, entered into a conspiracy by scheme and devise to commit fraud upon the court, whereby the outcome was to character assassinate Plaintiff Yokum, in order to cover up their crimes and not have to pay restitution brought on by her lawsuit.

110. **January 9, 2019:** Plaintiff sought to have a criminal investigation open against the Defendants, through the Bexar County Sheriffs Office. Having a complaint number provided, an email from Detective Noel Nino states his "belief" that witness tampering was involved.

111. Plaintiff intends to also show an email exchange between Plaintiff's former attorney of record, Kenneth C. Bell conspiring with Defendant Afton Sands-Puryear to have Plaintiff's lawsuit "dismissed with prejudice".

112. Further, Plaintiff intend to show that a Motion to Sign & Enter was filed on April 6, 2018, immediately after the jury trial ended. This electronic filing was not brought to the attention of the Plaintiff and the hearing date on said motion, was not relayed to her. Attorney Kenneth C. Bell contacted Plaintiff on 05/22/18, informing her that the Defendants made an offer to settle. The offer was that no attorney fees would be sought if the Plaintiff agreed not to appeal (the alleged

1  verdict). Plaintiff declined the offer.  On or about June 30,
2  2018, the court attorney fees were denied, after an alleged,
3  frivolous, oral motion by Defendant Sands-Puryear.

4     113. To date, Judge Gonzales court and both party counsels
5  have failed to produce evidence as to which attorney filed the
6  motion. The motion is relevant, and material as to the
7  prevailing party in dispute. See: Federal Rule Civ. P 37(e).
8  Plaintiff subsequently addressed the issue with Lorinda Holloway
9  prior to plaintiff motion for a new trial.

10     114.  Plaintiff conducted a thorough search throughout several
11  departments at Bexar County Court, yielding no document, nor the
12  hearing that was re-set from 5/22/18 to 5/31/18, being filed.

13  **CLAIMS**

14  **I.**
15  **Discrimination and Retaliation in Violation of**
**Title VII of the Civil Rights Act of 1964, as amended**

16     115.  Plaintiff Yokum, engaged in numerous instances of protected
17  activity as a witness of other coworkers and filing complaints of
18  discrimination and retaliation based on race and prior protected
19  activity. Defendant was made aware of all negligent, or grossly
20  negligent, or willfully possessed knowledge of the unlawful violations
21  being committed in the workplace-pertaining to retaliation & race
22  discrimination. Defendant played a key role in exhibiting
23  discriminatory and retaliatory behaviors against the Plaintiff and
24  other black females, who filed similar claims with EEOC. Thereafter
25  causing her and others to suffer undue emotional distress and mental
26  anguish. Plaintiff alleges and re-alleges previous asserts that
27  Plaintiff was retaliated against due to her verbal notice to report
28  neglect, abuse of residents under the care of Rachel Strickland, LVN

1   while she was under board of nursing stipulations. Plaintiff seeks

2   redress of these claims that were heard & ruled on in Bexar County

3   District Court by several judges, prior to ruling of Judge Gonzales.

**II.**

**Fraud upon the Court (8 U.S.C. 1324c)**

6   116. Plaintiff alleges and re-alleges that the 131st District

7   Court of Judge Norma Gonzales and members, has not performed its

8   judicial functions, while knowingly & willing thwarting the

9   course of justice, fairness, and due process. Plaintiff intends

10  to prove that the impartial functions of the court has been

11  directly corrupted. The judicial machinery itself has been

12  tainted, as officers of the court has been involved in the

13  perpetration of fraud, making material misrepresentations to the

14  court. Specifically, timekeeping records of employees. .

**III.**

**LIBEL & SLANDER (28 U.S.C. 1401)**

17  117. Plaintiff alleges and re-alleges that Defendants made

18  oral and written false statements of fact in reference to the

19  Plaintiffs character and behavior that were criminal in nature.

20  Defendants knew or should have known that their allegations were

21  never substantiated, in that no factual or credible evidence was

22  forthcoming, and no ethical or criminal were charged against the

23  Plaintiff. The accusations were done with malice, for which

24  Plaintiff suffered damages and herein sues for defamation. This

25  claim is directly related to Defendant Afton Sand-Puryear

26  reading allegations to the jury without having the author of the

27  statements present. This conduct was allowed without objection

28  from counsel or the presiding judge of the 131st District Court.

## IV.

### Spoliation of Evidence (18 U.S.C. 1519)

Plaintiff intends to show that material evidence (binder) was destroyed, lost or withheld from State & Federal investigators, as a notice was emailed to Mystic Park to secure the evidence. Defendants failed to comply with the courts written order to produce evidence. This is also in reference to a "destroyed" notice, a letter that was alleged to be in the care of attorney San Miguel for the Plaintiff.

## DAMAGES

119. Plaintiff sustained the following damages because of the actions and/or omissions of Defendants as described herein:

a. All reasonable and necessary attorney fees incurred by or on behalf of the Plaintiff;

b. All reasonable and necessary costs incurred in pursuit of this suit;

c. Emotional pain;

d. Mental anguish in the future;

e. Mental anguish in the past;

f. Inconvenience;

g. Expert fees as the Court deems appropriate;

h. Loss of benefits;

i. Reasonable medical care & expenses in the past, which were incurred by FREDA YOKUM, such charges are reasonable, usual and customary charges for such services in Bexar County, Texas after an attempted suicide in June 2018.

j. Loss of future earnings;

k. Injury to reputation;

l. Loss of enjoyment of life, due to stress & depression;

m. Mitigated past earnings.

## EXEMPLARY DAMAGES

120. Plaintiff will further show that the acts and omissions of the Defendants complained of herein, were committed with malice or reckless indifference to the protected rights of the Plaintiff and others. In order to punish said Defendants for unlawful business practices and to deter such in the future, Plaintiff seeks recovery for exemplary damages from defendants.

## SPECIFIC RELIEF

121. Plaintiff seeks the following specific relief, which arises out of the actions and/or omissions of Defendants as described herein above:

 a. Prohibit by injunction the Defendants from engaging in unlawful employment practices.

 b. Injunction to take necessary measures in teaching employees the importance of truthfulness, and integrity that can otherwise result in harmful injustices through false, inconsistent and misleading information.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, FREDA YOKUM, respectfully prays that in the interest of justice and fairness, the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against the Defendants for damages in an amount of no less than $1,000,000.00, or within the jurisdictional limits of the Court: exemplary damages, together with interest as allowed,

1 cost of court; and such other relief, to which the Plaintiff may

2 be entitled at law or in equity.

3                    **RESERVATION OF RIGHTS**

4   Plaintiff reserve the right to assert additional claims and/or

5 defendants, as may be appropriate following further

6 investigation and discovery.

7

8              PLAINTIFF DEMANDS TRIAL BY JURY

9

10                         Respectfully submitted,

11

12 DATE: Sept. 25, 2019        *Freda Yokum*
                              Freda Yokum, Plaintiff

13

14                         307 Bright Chase
                           San Antonio, Texas 78253
                           Primary: (210) 378-6963

15                         Home: (210) 858-8822
                           missfredarn@gmail.com

16

17

18 Husch-Blackwell, LLP

19 111 Congress Avenue, Suite 1400

20 Austin, Texas 78701

21 (512) 472-5456 (main)

22 (512) 479-1101 (fax)

23

24

25

26

27

28

**PLAINTIFF HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to Defendants Paramount Healthcare Corporation, LLC  and Defendants Husch-Blackwell, LLP, Afton Sands-Puryear & Lorinda Holloway, attorney of record for PHCC-Mystic Park at Husch-Blackwell, LLP  111 Congress Avenue, Suite 1400, Austin , Texas 78701 on this $\underline{25^{th}}$ day of September 2019.

DATE: $\underline{Sept. 25, 2019}$

*Freda Yokum*

Freda Yokum, Plaintiff
307 Bright Chase
San Antonio, TX 78253
Primary :( 210) 378-6963
Home 2nd :( 210) 858-8822
missfredarn@gmail.com

Husch-Blackwell, LLP

111 Congress Avenue, Suite 1400

Austin, Texas 78701

(512) 472-5456 (main)

(512) 479-1101 (fax)

## **AFFIDAVIT**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WESTERN DIVISION
BEXAR COUNTY

My legal name is FREDA GRACE YOKUM, and my current occupation is Registered Nurse. I am presently a 58 years old, residing in Bexar County Texas. My current address is 307 Bright Chase, San Antonio, Texas 78253.
I hereby state that the information above is true, and further under oath and affirmation of belief, information and direct knowledge that the matters, facts and complaints set forth in the pleadings set forth, are true, and accurate to the best of my knowledge.

Statement

As a Plaintiff in a previous State District Court of Bexar County, I intend to show that the named suspects/defendants have individually & jointly engaged in criminal conspiracy to obstruct, interfere and violate my Constitutional Rights, Civil Rights, and basic rights to a fair jury trial and other procedural norms of the Court.

Under penalty of perjury, I submit the attached complaint, with the intent to produce corroborating evidence, witness affidavits and other information obtained through discovery and investigations to the Court.  I, hereby submit this sworn affidavit with the attached pleading, consisting of ___37___ pages total.

Dated this __25th__ day of September, 2019

*Freda Grace Yokum*
Freda Grace Yokum, Affiant

SWORN to and subscribed before me, this __25th__ day of September 2019.

ESTELA CASTELLANOS
Notary Public, State of Texas
My Comm. Exp. 05-10-2023
ID No. 12610703-2

*Estela Castellanos*
NOTARY PUBLIC